NO. 07-10-0497-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JULY
15, 2011

 



 

JONATHAN HANLEY,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

___________________________

 

FROM THE 140TH DISTRICT
COURT OF LUBBOCK COUNTY;

 

NO. 2008-420,730; HONORABLE JIM BOB
DARNELL, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

            Appellant,
Jonathan Hanley, contends that the trial court erred in denying his motion to
suppress evidence.  The evidence in
question was blood drawn pursuant to a search warrant.  The latter was based upon an affidavit by the
officer who arrested appellant for driving while intoxicated.  And, it was purportedly defective because it
did not contain sufficient factual information entitling a neutral magistrate
to conclude that probable cause existed to believe that appellant’s blood
contained evidence of the crime at issue. 
We overrule the issue and affirm the judgment.

Generally, probable cause exists when a neutral magistrate
has a substantial basis for concluding that a search would uncover evidence of
wrongdoing.  State v. Dugas, 296 S.W.3d 112, 116 (Tex.
App.–Houston [14th
Dist.] 2009, pet. ref’d); see also Rodriguez v. State, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007)
(stating that “[p]robable cause exists when, under
the totality of the circumstances, there is a ‘fair probability’ that
contraband or evidence of a crime will be found at the specified location”).  Because neither federal nor Texas law defines
precisely what degree of probability suffices to establish probable cause, Rodriguez, 232 S.W.3d at 61, we consider
whether there are sufficient facts, coupled with inferences from those facts,
to establish a “fair probability” that evidence of a particular crime will
likely be found at a given location.  Id. at 60.  The issue is not whether there are other
facts that could have, or even should have, been included in the affidavit; instead
we focus on the combined logical force of facts that are in the affidavit.  Id. at 62.  Finally,
when reviewing the accuracy of a magistrate's determination, our obligation is
to interpret the affidavit in a common sensical and
realistic manner.  Id. at 61.  With these general principles in mind, we
turn now to the affidavit in this case.

The document contained the following facts.  Appellant was detained while driving at 2:01
a.m. after being seen weaving “heavily from side to side in a single lane of
traffic.”  At the time of the initial
detention, his speech was slurred, his eyes were glassy and bloodshot, and his
walk was unsteady.  He also swayed and
used support to maintain his balance.  So
too did a strong odor of alcohol emanate from his breath.  One or more open containers of alcohol were
also spied in the vehicle, and appellant had urinated on himself.   These indicia enabled a neutral magistrate
to reasonably infer that there was a “fair probability” that, at the time the
warrant was requested and issued, appellant’s blood contained evidence that
would illustrate he had driven a motor vehicle while intoxicated.  Thus, the trial court did not err in denying
appellant’s motion to suppress.

The
judgment is affirmed.

Brian Quinn

Chief Justice

 

 

 

Do not publish.

 

 

 











[1]John T. Boyd, Senior Justice, sitting by assignment.